HARRIS MOTORS, INC., et al., Plaintiffs, *v.* OLIVER M. CSONTOS, Substituted Defendant.

City Court of the City of New York, Special Term, New York County, December 1, 1947.

*Abraham Kaplan* for plaintiffs.

*Joseph Paige* for substituted defendant.

McCULLEN, J. Motion under rule 109 of the Rules of Civil Practice is granted and the defense and counterclaim are stricken from the answer, but with leave to defendant to plead

over within ten days after service upon his attorney of a copy of this order with notice of entry.

Defendant may assert a cause of action under subdivision (e) of section 205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [e]), but may not, taking advantage of the fortuitous circumstance that the police seized the money (as evidence to be used in a criminal prosecution, not to restore it to defendant, as the police had no such right or power), claim it in specie, although he has apparently kept the automobile. The remedies provided by that statute are exclusive (*Matter of Kingswood Management Corp.* [*Salzman*], 272 App. Div. 328).

The money passed to plaintiff by a voluntary payment and the issue between the parties is not one of title to specific currency. It is true that by establishing a right of recovery under the said subdivision (e) of section 205 the defendant may apply the money in satisfaction of his judgment, and it is possible that he may perhaps impress some sort of equity upon the fund while it is *in custodia legis*, especially as this has become a suit in interpleader and therefore the parties are now in a court of equity. But defendant cannot take the attempted short cut. I think equity (and in a suit in interpleader this court is a court of equity) is perhaps sufficiently flexible to afford defendant a remedy, but the ultimate facts must be properly set out and the appropriate remedy sought (cf. *Porter* v. *Warner Co.*, 328 U. S. 395).

It should be remembered also that under subdivision (e) of section 205 of the Emergency Price Control Act the defendant is not entitled to recover back the entire purchase price, but only that portion of it which represents the overpayment with possible treble damages for which, by subdivision (e) of section 205, he is given a chose in action, not a right to a specific fund. Here defendant is asserting title to almost the whole of the purchase price and by no means only to that part of it which represents the overpayment.

It therefore seems to me that the theory of the counterclaim is unsound. This is not a case where the transaction was *malum in se* so that title to the moneys may be said not to have passed, but where it was *malum prohibitum*. The statute which made the overpayment unlawful provides the remedy, and that, it seems to me, is defendant's sole remedy; and, as indicated, under the statute defendant is not entitled to recover the whole sum paid but only the overpayment and such damages as he may establish.